Good morning, Your Honors. Deputy Attorney General Steven Mercer, on behalf of Respondent. In this case we have a reasoned state court opinion that the evidence presented in the trial did not warrant jury instructions for the affirmative defense of self-defense under California law. Petitioner claims that was an error and that he is entitled to the extraordinary relief of federal habeas corpus as a result. There are at least three reasons why habeas relief should be precluded in this case. The first and foremost is that this is an analysis and the district court's analysis is whether the trial court misapplied state law in determining that the evidence was sufficient under state law not to give these instructions as defined by California statutes. And that is precisely the type of state law instructional error that is expressly off limits under Estelle v. McGuire and Pulley v. Harris from a court sitting in limited federal habeas corpus jurisdiction. That should have ended the inquiry. It did not but it also goes to highlight the ultimate issue for this court to decide and that is whether there is clearly established federal law as determined by the United States Supreme Court which required that such an instruction be given at Petitioner's trial as a constitutional matter. Well isn't there a commonly accepted federal proposition that if there is evidence that would support self-defense that that instruction must be given? There is no Supreme Court precedent to that effect, Your Honor, and no Supreme Court precedent to that effect that would bind state courts to give such an instruction. The district court at Petitioner relied a bit on the U.S. v. Matthews case which did find that that was error in a federal criminal trial prosecution. The Supreme Court expressly limited its review of that case to its supervisory powers over the federal district courts. Nonetheless, it's stating a general proposition that a defendant is entitled to an instruction on its theory of the case if there's evidence to support it. Well again, there is no such clearly established Supreme Court precedent to that effect. The case of Gilmore v. Taylor which the Supreme Court discussed that issue in fact suggested two things to the contrary. Number one, they said that our precedent is not settled in this area and therefore a respondent would argue it cannot be clearly established Supreme Court precedent. And number two, their right to present a defense precedence that they discussed, the court noted that those were limited to the rights to present evidence. That's the part I'm not following. What good is the right to present evidence if you don't have the right also to have an instruction explained to the jury what the significance of the evidence is? Well, when you're talking about the fundamental constitutional issues of the right to present a defense, the U.S. Supreme Court has indeed found that there is a right to present evidence on your behalf. I mean like if you could just... But there is a right to present insanity for example, but if the judge doesn't tell the jury, if you find him insane, you've got to find him not guilty. What good is it? Well, these are in fact set out in state statutes involved in the affirmative defenses, but that's not the question for this court. The question for this court is did the California courts in finding insignificant evidence to warrant such an instruction... That's a separate question. That's where your argument ought to be placed is whether there's adequate evidence to have given the instruction. Well, in here, even as a matter of state law, we clearly contend that there is no such evidence to support that instruction because under California law, the affirmative defense of the defendant actually harbor a fear of immediate imminent great bodily harm or death. In here, there was simply no such evidence of that component. And if I may remind the court very briefly to summarize what the evidence did show, the police testified, defendant shot first. Defendant testified, the only reason I pulled my gun out was to discard it and did not remember firing at all. Never testified as to any fear of anything. In fact, he testified that he did not remember what had happened. But being unconscious... What did the witnesses... The two witnesses, Barton and Johnson, they testified that they essentially saw this. They saw the defendant with his hands up and the police pointing guns at him. They never saw the shooting? They never saw the shooting and they turned away. And I would ask this court... One of them did testify to he heard the shooting. They both heard the shootings, but they did not see who shot whom. The extent of their eyewitness testimony was the defendant standing here like this. Then they turned away. I would ask the court, is this substantial evidence of what I am actually thinking in my mind? It sounds like he's in fear of his life. Or the police could have said, put your hands up. Or he's in fear of... The critical thing, it seems to me, is they saw the hands up, but they never saw whether or not he spun around with a gun in his hand a moment or so later. And there's no evidence of that as far as I can tell. Absolutely none. And again, the question is not whether a reasonable person in Petitioner's shoes might have acted in self-defense. The question is, was there any evidence of that component, that essential component under Penal Code Section 198 of an actual fear? And here, especially combined with Petitioner's defense that it wasn't in self-defense, that the trial court was entirely reasonable to find that the defendant has failed to meet his burden to show substantial evidence that he harbored an actual fear, and the second requirement that he must have acted under the influence of that fear alone. The defendant never offered such a theory. I'm sorry. I'm bothering you, Nate. Taking the totality of the evidence, you know, the jury could have figured out that he had his hands up, and the police fired first, and then he obviously had to get his gun and shoot, and therefore concluded it was self-defense. But the district court, the state court, maybe even made a mistake. Does that justify habeas relief? No, it doesn't, Your Honor. You say it doesn't, but in order to determine whether it justifies habeas relief, don't we have to determine whether the state court did or did not make a mistake? You can first determine whether the state court made an error of state law, but habeas relief will not be granted unless that decision was clearly contrary to established United States Supreme Court precedent. Well, to go back to your first point, you're saying, as I understand it, that if in fact in the state court the defendant established what we understand as self-defense, no question about it, and the judge refuses to give a self-defense instruction, and he's convicted that there could be no habeas relief under the AEDP. That's your position? Under Estelle v. McGuire and Pulley v. Harris, exactly right. And let me remind the court that the Supreme Court brought this point home in Engle v. Isaac, which is cited in the briefs, in which they treated a claim of instructional error on state law affirmative defense as not cognizable on federal habeas corpus. That is our situation here. And I see I have a little bit under two minutes left, and I'd like to save the balance of my time for Bob. Thank you very much. Thank you, Richard. Welcome back. Good morning. Long morning. Verna Weefald on behalf of Brian Lockridge. I think what is unfortunate about the government's position, or excuse me, the state's position, is that it misconstrued what really happened here. The government's brief and its argument today completely leaves out the fact that the jury sent a note into the court during deliberations stating that they essentially believed that there was self-defense here, but they were not given the instruction. The jury sent in a note stating, if we find that the police shot first, can we still convict him of murder? And as the defense attorney vigorously argued, you have to give self-defense instructions that initially denied. The jury has found that the officer's testimony is not credible. Even the prosecutor who, when he was stating that, no, you should tell the jury, yes, you can convict him, he recognized that he was skating on dangerous ground by asking the court to direct a verdict. And he said, no, I mean, it's not directing a verdict, but that's the only answer that you can give. And the judge clearly made its own credibility call in instructing the jury that finding that the officer shot first does not necessarily preclude a guilty verdict. The defense, excuse me, the jury was never given self-defense instructions, even though they had told the court they essentially did not believe the police officers. So what happened here is far more complex than the mere failure to give self-defense instructions. And in fact, the fact that Mr. Lockridge testified he did not remember exactly what happened, the evidence is clear that he had his hands in the air and he was ready to surrender when he was shot. Well, we don't know that because no one saw the shooting. But they heard the shots. Well, we all know that shots were fired, so I don't know what that adds to the mix. But they saw his hands up. The cops say he had his hands up, spun around, pulled out a gun and started shooting. And no one testified to the contrary, as far as I know. Is my recollection correct? Your Honor, my understanding is that they heard the shots after he had his hands up in the air. Right. Well, we know that, that shots were fired after he had his hands up, but that's not my point. My point is the police say he had his hands up, and then he turned around and spun and shot at him. And as far as I can tell, there's no evidence in the record to contradict that. But there's still no evidence in the record that, in fact, he did that to contradict the jury's impression that, in fact, the police officer shot first. Well, what if he shot first? Suppose he spun around and had a gun and they shot him first. So what? They don't have to wait to get shot at, do they? There was also evidence that, in fact, he had been shot in the back. So it's clearly there, the evidence, the state of the evidence was such that the jury, there was enough for the jury to determine what, in fact, happened. That is the jury's decision to decide the facts of the case. There was certainly enough evidence before the jury that it could have found that, in fact, the officers were not testifying truthfully, that, in fact, that Mr. Lockwood shot first. And that is what the jury already indicated to the judge. Well, they didn't really, and that's a little bit of an overstatement, isn't it? They said, if we believe that he shot first, they didn't say we find that he shot first. They're asking what happens if this is the circumstance. And that's not, you don't even contend, as far as I can tell, that that's a, that the judge gave a wrong answer. But the jury was certain, yes, the court is correct about, you know, if we find. But they were certainly indicating to the court that they were leaning in that direction. They acquitted him of the attempted murder of the other officer. And the jury was not given the proper instructions in order to deal with this evidence here. And the state of the evidence was such that the jury could certainly have found that, despite the officer's testimony, that, in fact, it was self-defense. And that's the issue here. The issue is who is going to decide what happened, the jury or the judge. And the judge's instruction, without self-defense instructions, violates longstanding precedent, all the way, you know, Winship and everything else about what, who invades the province of the jury. And that, in fact, what the trial is all about is for the jury to find guilt beyond a reasonable doubt. And the jury has to apply the law to the facts. And that did not happen here. It is not up to the judge and the prosecutor to decide that they believe the police officer is over everything else. And that's essentially the issue here. And the state did not address that in its brief. But the magistrate clearly understood what was at issue here. Your opponent says there's no Supreme Court decision that clearly says you have to have a self-defense instruction in the state court. Well, in the... I know that it's generally the rule everywhere, in every state, that you do get a self-defense instruction. But let's say you had a pure case where there was self-defense. The judge said, I'm not giving it because of such and such a reason. What Supreme Court enables us to grant habeas relief, even if it's wrong, even if the judge was wrong? Well, I believe that the Matthews case... The what? The Matthews case, Matthews versus the United States. The state takes issue with the precedent in that case. But in Matthews versus the United States, the U.S. Supreme Court, they did not use the magic word Sixth Amendment. But they clearly talk about the jury's role in determining the facts. And they surveyed, because in that case, the issue was giving the entrapment instruction in the face of a somewhat inconsistent testimony. I believe the defendant... Sixth Amendment right of trial by jury. Right. And that's the fundamental issue here, is the trial by jury. I have another question. Yes. If there were not this request or this statement by the court, if we find the police shot first, what do we do? If that were not on the record, would it make a difference in this case? No, it would not, because... So what you're saying is, we really have to... That's the situation. We have to say, if we review the evidence, and the evidence is there as we see it, to give a self-defense instruction, and the judge didn't, we have to grant the district. That's your position? Well... Or not quite. Yeah. I think the case is clearly made much better by the fact that the jury indicated... Yeah, we're not tired about that. But, and I think that the court's questions to the estate about what, how could you possibly have, you know, have the right to present an affirmative defense, but not have the jury given any help as to how to evaluate the effect of the evidence that it heard. Given that going, you know, the fundamental tenet that it is the jury's decision to determine the facts, and obviously in a case where, you know, he's being prosecuted for attempted murder and his defense is self-defense, that's the issue that the jury has to decide, what the facts were. And when the jury is not given an instruction that it clearly was entitled to under state law, the jury can't do its job, and that is fundamental constitutional law. And even in the Matthews case, in making the decision that the entrapment defense could be, or instructions could be given, they noted that they had surveyed not only, you know, other circuits, but they had surveyed lots of state courts as well, and that, in fact, that was consistent. So it seems that they're resting their decision on the fundamental right to have the jury decide the facts, and the jury needs the law to be able to apply those facts. What do we do with the defendant's amnesia in this case? Well, I think it's really irrelevant that he certainly didn't testify that I shot first, and that's actually not an uncommon problem when people can't remember what happens. It happens in civil rights cases all the time that people can't remember exactly what happened. We have to look at all the totality of the circumstances, and, you know, given what he did testify to, given the scientific evidence about him being shot, you know, from the rear, given the bystanders. There were shots in his buttocks, is that right? I'm sorry? There were shots in his buttocks? Yes, yes. And so the combination of the hands in the air, it really doesn't matter whether he can't remember, and certainly, I mean, somebody who's standing there and a police officer telling you, you know, stop, and you've got your hands in the air, I mean, anybody would be in fear of their life, objectively, subjectively, whatever. I mean, only the Terminator would not be afraid there, but, you know. And look what happened to him. So in any event, hideous relief was clearly warranted by the magistrates, and the district court's decision should be upheld in this case. Thank you very much. Thank you. Mr. Mercer, you get the last word. Let me just make several points briefly. Once again, there's been zero evidence presented here that Petitioner actually had actual fear at the time that he acted, and that he then acted upon those fears alone. And if I were told by the police to freeze and put my hands up, I would not necessarily be in fear of imminent bodily harm or death. You're a very brave man. Thank you, Your Honor. I appreciate it. And again, nothing presented this defendant from presenting evidence of self-defense. It's his burden to do it. It's an affirmative defense. Had he presented evidence of that or even a theory of it, he would have been entitled to instructions on it. He did not, and the instructions were not warranted. As for the directed verdict claim mentioned by Petitioner here today, that claim is not exhausted. It's been raised for the first time in this court, and it's not properly before this court. And unless there are further questions from this court, I'd be happy to submit. Thank you very much. Thank you. The case has now been submitted.
judges: Bright , B. Fletcher, Silverman